JUSTICE COATS,
concurring in part and dissenting in part.
¶ 67 I disagree with the majority’s conclusion that the pertinent, pre-2014 statutes of this jurisdiction permitted district courts to collect any unpaid restitution stipulated as a condition of deferring judgment and sentence for a crime, even after the defendant’s conditional guilty plea has been successfully withdrawn and the charges against him dismissed with prejudice. In fact, I not only disagree with the majority’s construction but would reject it as the product of a eoncededly result-driven analysis, requiring “liberal,” rather than simply “reasonable,” construction to accomplish what the majority considers to be the purposes of the statute. I therefore respectfully dissent from that aspect of the court’s judgment.
¶ 68 In some 22 paragraphs the majority determines that'this result is dictated by the “plain language” of the restitution statute, as it existed prior to a 2014 amendment expressly adding language to sanction this very result, when that statute is “liberally construed to accomplish the statute’s purposes”; and that neither this court nor the court of appeals has ever construed the pre-2014 restitution statute in a manner inconsistent with this result. While I take issue with a number of key aspects of both the majority’s method of construing statutes and its characterization of the prior holdings of this court, I consider it sufficient justification for dissenting from the majority’s conclusion in this case that the whole of its ana|ysis rests on a fundamental misconception about the nature of a statutorily sanctioneddeferred judgment, and as a result of that misconception, its erroneous presumption that by deferring entry of a judgment of conviction, subject to compliance with stipulated conditions including a stipulation to pay restitution, the trial court issues an “order of restitution” as contemplated by section 18-1.3-603(4)(a) of the Colorado Revised Statutes.
¶ 69 As we have made painfully clear in our prior case law, a trial dourt lacks the authority to impose a deferred judgment except as authorized by statute. People v. Carbajal, 198 P.3d 102, 105-106 (Colo. 2008). Once a defendant pleads guilty to a.felony, the deferred judgment statute, section 18-1.3-102, allows the court, with the defendant’s written consent and stipulation to conditions, to continue his case for a prescribed period without entering judgment, and although this deferral can be revoked—and judgment then entered and sentence imposed—for a violation of the “probation-like conditions” of his deferral agreement, if the prescribed period is allowed to pass without revocation or a statutorily permitted extension, his guilty plea must be withdrawn and the charges dismissed with prejudice to any further prosecution for that offense. Id. Both technically and conceptually, a deferred judgment is therefore not a judgment of conviction at all but rather a continuance with “probationjike supervision conditions.” Id.
¶ 70 Although the majority perpetually refers to the defendant’s “deferred sentencing,” as if the entry of a judgment of conviction were not also statutorily deferred, it nevertheless appears to accept this characterization with one exception—the condition of the deferred judgment stipulation that the defendant pay a specified amount of restitution. The majority, reasons that because the restitution. statute, section 18-1.3-603, provides that “(a)ny order of restitution” is a final civil judgment and that “any such judgment” re *171 mains in force until the restitution is paid in full, a restitution condition of a deferred judgment agreement must remain in force notwithstanding provisions of the deferred judgment statute expressly to the contrary. Because deferral of a judgment and sentence does not, however, constitute the conviction of any crime against the purported victim and, unless a-breach is proved according to the statutory procedures and burdens within the prescribed time period, can never become a conviction for committing the, charged offense, a stipulated condition for deferral cannot be an “order of restitution” or “civil judgment” against the defendant within the contemplation of the statute. Like all of the other conditions of the stipulation, it is merely a condition the breach of which subjects the defendant to entry of judgment on his conditional guilty plea, but the successful completion of which requires that the defendant’s conditional guilty plea be withdrawn and any prosecution of him for the charged offense against the victim be forever barred.
¶ 71 With regard to the former eventuality, the statute provides in detail the process due a defendant before judgment may enter on his plea and before any sentence, including an “order of restitution” as required upon conviction, may be imposed. With regard to the latter eventuality, the statute is similarly clear that in the absence of proof of a breach of the stipulation, according to the prescribed process and within the prescribed time period, the conditions of the deferred judgment stipulation are deemed successfully completed, and the defendant’s conditional plea must be withdrawn and the charges dismissed. With regard to the restitution condition in particular, the statute specifically provides for a 182-day extension of the period of deferral, but no longer, in the event that a failure to pay restitution, as the result of the defendant’s inability to pay, is the sole unfulfilled condition of supervision. Unless the prosecution or probation department moves for an entry of judgment and imposition of sentence within the term of deferral or within 35 days thereafter, the defendant can never be held criminally accountable for committing the charged offense against the alleged victim, and therefore cannot suffer the “order of restitution” mandated upon every order of criminal conviction.
¶ 72 An order of restitution, as defined and imposed by part 6 of article 1.3, title 18 of the revised statutes prior to 2014, was dependent upon an “order of conviction of a felony, misdemeanor, petty, or misdemeanor traffic offense.” § 18-1.3-603, C.R.S. (2013). While a deferred judgment necessarily includes a conditional admission, subject to stipulated conditions, unless it was revoked according to the process statutorily required, it was -not, and could never become, a conviction of any one of these crimes. The merits of requiring someone to stipulate to the entry of a civil judgment against himself in order to avoid the threat of criminal prosecution, a matter with clear ethical implications for the practice of law, may become the subject of debate following the 2014 amendments, but they are ndtj at issue under the applicable scheme. Under the pre-2014 deferred judgment and restitution provisions, the requirements of a judgment of conviction, imposition of sentence, and proof of restitution were clear and did not permit an order of restitution without their having been satisfied.
¶ 73 For these reasons I respectfully concur in part and dissent in part.
I am authorized to state that JUSTICE EID joins in this concurrence in part and dissent in part.